U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED SHREVEPORT

OCT 18 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VERNON MONK ET AL. | CIVIL ACTION NO: 12-1423 |
| VERSUS | JUDGE DONALD E. WALTER |
| PETROLEO PROPERTIES, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Remand [Doc. #13] filed on behalf of Plaintiffs Vernon Monk and Tammy Herring ("Plaintiffs"). Defendants Chesapeake Louisiana, LP and Goodrich Petroleum Company, L.L.C. ("Defendants") oppose this motion. For the reasons assigned herein, Plaintiffs' motion is hereby **DENIED**.

## BACKGROUND

Plaintiffs Vernon Monk and Tammy Herring filed this action on March 2, 2012, naming as defendants Petroleo Properties, L.L.C. ("Petroleo"), Chesapeake Louisiana, LP ("Chesapeake"), and Goodrich Petroleum Company, L.L.C. ("Goodrich"). [Doc. #1-3]. On February 28, 2012, several days prior to filing the petition, Plaintiffs' counsel faxed a courtesy copy of the petition to Mr. Sidney E. Cook.[1] Petroleo was served on March 8, 2012 [Doc. #13-1 at 2] and Chesapeake was served on March 16, 2012. [Doc. #13-1 at 3]. Service was attempted on Goodrich on March 13, 2012, but the citation was returned "unserved" because the agent listed on the citation refused service on the grounds that he was not Goodrich's agent. [Doc. #13-1 at 34].

Goodrich was successfully served on May 17, 2012. [Doc. #1-10]. Goodrich then removed

---

[1] Mr. Cook later enrolled as counsel for Goodrich in this action.

1

the case on May 30, 2012, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. [Doc. #1]. Plaintiffs filed the Motion to Remand *sub judice* on June 27, 2012 asserting that Goodrich's removal was untimely. [Doc. #13].

## LAW AND ANALYSIS

Generally, a defendant may remove any civil action originally brought in state court provided that the United States District Courts would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). Title 28, United States Code, Section 1332 provides for diversity of citizenship jurisdiction over lawsuits between citizens of different states where the amount in controversy exceeds $75,000. It is undisputed in this case that plaintiffs are citizens of Louisiana, Goodrich is a citizen of Delaware and Texas, and Chesapeake is a citizen of Oklahoma. Petroleo is a limited liability company with at least one Louisiana-citizen member, which, if joined, would defeat complete diversity. [Doc. #1, ¶13]. Defendants contend, however, that Petroleo was improperly joined for the purposes of defeating diversity of citizenship.[2] [Doc. #1, ¶13]. Plaintiffs have not challenged Defendant's improper joinder argument in their Motion to Remand, apparently conceding the issue. When the improperly joined party's citizenship is disregarded, complete diversity is satisfied. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993).

Plaintiffs contend that Goodrich failed to timely file its notice of removal. Title 28, United

---

[2] This action arises from two oil and gas leases wherein Petroleo was named as lessee. Each lease contained a provision providing that the lessee would be relieved and discharged of any obligations thereunder to the extent that the Lessee's interest is assigned. [Doc. #13-1 at 16, 19]. Petroleo subsequently assigned both leases to Goodrich. [Doc. #1-3, ¶7]. Goodrich contends that, pursuant to a provision in each lease releasing the Lessee upon assignment, Petroleo was relieved from and discharged of any obligation owed to Plaintiffs under the leases at issue. [Doc. #1, ¶15]. Accordingly, Goodrich argues that Petroleo was improperly joined because Plaintiffs cannot possibly obtain the requested relief from Petroleo under the leases. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

States Code, Section 1446(b)(1) provides the time period for removing a civil action from state court:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The thrust of plaintiffs' argument in their motion to remand is that the phrase "within 30 days after the receipt by the defendant, through service or otherwise" causes the removal time clock to begin any time the defendant "receives" a copy of the initial pleading. In this case, Plaintiffs argue that the 30-day removal period commenced once counsel for plaintiffs faxed a courtesy copy of the petition to Mr. Cook.

The Supreme Court addressed the removal time period provided by § 1446 in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In *Murphy Brothers*, the Court addressed

> Whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a "courtesy copy" of the complaint faxed by counsel for the plaintiff.

*Id.* at 347. The Court held that the thirty-day removal period begins to run from service of the summons when the complaint is filed in court prior to any service. *Id.* at 355; *see also City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Federal law requires the defendant to file a removal action within thirty days of service...."), *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 n.12 (5th Cir. 2000) (citing *Murphy Bros.*, 526 U.S. 344) ("The 30 day period in no event begins to run prior to service of process on the defendant.").

3

Plaintiffs cite two cases—*Brown v. Pacific Life Insurance Co.,* Nos. 04-133-A, 04-172-A, 04-173-A, 2004 WL 5573423 (M.D. La. July 19, 2004) and *Baych v. Douglass*, 227 F.Supp.2d 620 (E.D. Tex. 2002)—in support of the notion that *Murphy Brothers* does not control cases involving multiple defendants. In so doing, Plaintiffs confuse two separate issues: the meaning of the word "receipt" in terms of commencing the 30-day removal period and whether a later-served defendant must file a notice of removal within the 30-day period triggered by service on the first-served defendant. While the two cases Plaintiffs cite address the latter issue, they do not support plaintiffs' argument with regard to the former.

The courts in *Brown* and *Baych* held that *Murphy Brothers* did not preclude courts from applying the so-called "first-served defendant" rule.[3] *See Brown*, 2004 WL 5573423, at *3; *Baych*, 227 F.Supp.2d at 622. These cases, however, do not support the proposition that the removal period for the first defendant begins running upon receipt of a courtesy copy of the complaint.[4] At best, these cases represent that, while service on the first-served defendant commences the 30-day removal period for the first-served defendant, later-served defendants must join in removal within that same thirty-day period.

Although the first-served defendant rule survived *Murphy Brothers*, it is clear that the rule was overruled by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the Act"). The Act clarified the removal time period in cases involving multiple defendants: "Each defendant shall have 30 days after receipt or by service on that defendant of the initial pleading or summons

---

[3] The first-served defendant rule provided that removal must be effected within thirty days from the date the first served defendant received service of process. *See Getty Oil v. Ins. Co. Of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988).

[4] The Supreme Court in *Murphy Brothers* expressly rejected this argument. 526 U.S. at 355.

described in paragraph (1) to file the notice of removal." § 1446(b)(2)(B). Congress enacted § 1446(b)(2)(B) in order to "[clarify] the rule of timeliness and provide[] for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." H.R. Rep. No. 112-10, at 14 (2011).

Plaintiff's argue that the "plain, disjunctive statutory language forecloses Goodrich's suggestion that its thirty-day removal period did not begin to run until Goodrich was served." [Doc. #13-2 at 3]. This suggested reading of § 1446(b)(2)(B) runs afoul of the Supreme Court's holding in *Murphy Brothers* and the legislative comments to the Act.[5] In *Murphy Brothers*, the Court held that a defendant's period for removal "will be no less than 30 days from service." *Murphy Bros.*, 526 U.S. at 354. The legislative comments make it clear that the Act was intended to treat each defendant equally. Therefore, the only plausible interpretation of "receipt by or service on" compatible with *Murphy Brothers* and the legislative comments to the Act is that each defendant shall have no less than 30 days *from service* to remove the case. *See id.* The phrase "receipt by" is intended to apply in states where the defendant is served with a copy of the complaint *after* he is served with the summons. *Id.*; *see also id.* at 352 (quoting H.R. Rep. No. 81-352, at 14 (1949)) ("Nothing in the legislative history...so much as hints that Congress, in making changes to accommodate atypical state commencement and filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant.").

When § 1446(b)(2)(B) is read in light of the Supreme Court's opinion in *Murphy Brothers*, it is clear that Goodrich had 30 days from May 18, 2012 to remove the case, the date it was served

---

[5] Plaintiffs' interpretation of § 1446(b)(2)(B) essentially mirrors the Eleventh Circuit's holding in *Murphy Brothers*, which was expressly rejected by the Supreme Court. *See Murphy Bros.*, 526 U.S. at 353–54.

with the summons. Because Goodrich filed its notice of removal on May 30, 2012—well within the 30-day time removal period—removal was proper.

## CONCLUSION

The Court finds that Goodrich timely filed its notice of removal within 30 days from receiving service. Plaintiffs Motion to Remand [Doc. #13] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 18 day of October, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE